# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER A.T.,[1]<br><br>    Petitioner,<br><br>    v.<br><br>FACILITY ADMINISTRATOR, GOLDEN STATE ANNEX,<br><br>    Respondent. | Case No. 1:24-cv-01513-KES-EPG-HC<br><br>ORDER VACATING JUNE 24, 2025 FINDINGS AND RECOMMENDATION<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS MOOT AND TERMINATE RESPONDENT'S MOTION TO DISMISS<br><br>(ECF Nos. 16, 19) |

Petitioner is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.

## BACKGROUND

Petitioner is a native of Guatemala. (ECF No. 16 at 2; ECF No. 16-1 at 7, 12.[2]) On February 2, 2024, the Department of Homeland Security ("DHS") detained Petitioner and began administratively processing him for expedited removal after Petitioner entered the United States

---

[1] The Court partially redacts Petitioner's name to mitigate privacy concerns, as requested by Petitioner and suggested by the Committee on Court Administration and Case Management of the Judicial Conference of the United States. See Memorandum Re: Privacy Concern Regarding Social Security & Immigration Opinions (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

[2] Page numbers refer to ECF page numbers stamped at the top of the page.

1  without inspection, admission, or parole. (ECF No. 16 at 2; ECF No. 16-1 at 3, 19.) On April 23,
2  2024, DHS transferred Petitioner from expedited removal proceedings to full removal
3  proceedings, charging Petitioner with removability under sections 212(a)(7)(A)(i)(I) and
4  212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA") as an alien without valid entry
5  documents and present in the United States without admission or parole. (ECF No. 16-1 at 3, 29.)
6  On October 22, 2024, an immigration judge ("IJ") denied Petitioner's applications for relief from
7  removal and ordered Petitioner removed. (ECF No. 1 at 2; ECF No. 16-1 at 4, 40–43.) Petitioner
8  appealed the decision to the Board of Immigration Appeals ("BIA"). (ECF No. 1 at 2; ECF No.
9  16-1 at 5.)
10        On November 27, 2024, Petitioner filed the instant petition for writ of habeas corpus,
11  asserting that his prolonged detention in Immigration and Customs Enforcement ("ICE") custody
12  without a hearing on danger and flight risk violates the Due Process Clause of the Fifth
13  Amendment. (ECF No. 1 at 2.) On March 12, 2025, Respondent filed a motion to dismiss and
14  response to the petition. (ECF No. 16.) On June 24, 2025, the undersigned issued findings and
15  recommendation to deny the motion to dismiss, grant the petition for writ of habeas corpus, and
16  direct Respondent to provide Petitioner with a bond hearing before an IJ. (ECF No. 19.)
17        On June 27, 2025, Respondent filed objections to the findings and recommendation.
18  (ECF No. 20.) Therein, Respondent informs the Court that the BIA affirmed the IJ's decision on
19  April 29, 2025, and Petitioner was removed from the United States to Guatemala on May 15,
20  2025. (ECF No. 20-2 at 2; ECF No. 20-1 at 2.)

**II.**

**DISCUSSION**

23  The jurisdiction of federal courts is limited to "actual, ongoing cases or controversies."
24  Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "This case-or-controversy
25  requirement subsists through all stages of federal judicial proceedings," which "means that,
26  throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury
27  traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Spencer
28  v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis, 494 U.S. at 477). In the petition, Petitioner

challenges his prolonged detention in ICE custody. On May 15, 2025, Petitioner was removed from the United States to Guatemala. (ECF No. 20-1 at 2.) Given that Petitioner is no longer in ICE custody, the Court finds that no case or controversy exists and the petition is moot. See Abdala v. I.N.S., 488 F.3d 1061, 1065 (9th Cir. 2007) (finding habeas petition challenging length of immigration detention moot because "there was no extant controversy for the district court to act upon" when petitioner was subsequently deported, "thereby curing his complaints about the length of his INS detention").

## III.

## ORDER & RECOMMENDATION

Based on the foregoing, the undersigned HEREBY ORDERS that the findings and recommendation issued on June 24, 2025[3] (ECF No. 19) is VACATED.

Further, the undersigned HEREBY RECOMMENDS that:

1. The petition for writ of habeas corpus be DISMISSED as MOOT; and
2. Respondents' motion to dismiss (ECF No. 16) be TERMINATED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections, **no longer than fifteen (15) pages, including exhibits**, with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the

///

///

///

---

[3] The findings and recommendation was signed on June 23, 2025, but not docketed until June 24, 2025.

right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 18, 2025**              /s/ Erica P. Grosjean
                                             UNITED STATES MAGISTRATE JUDGE